IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORY JEFFERSON, et al.,** | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| | : | |
| v. | : | |
| | : | |
| **ABBINGTON JEFFERSON** | : | No. 24-cv-4762 |
| **HOSPITAL, et al.,** | : | |
| *Defendants*. | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                         April 24, 2025

Before this Court is Defendants' Motion to Dismiss Plaintiffs' Complaint. ECF No. 11. For the reasons set forth below, this Court will **GRANT** Defendants' Motion. Plaintiffs' Complaint will be **DISMISSED** without prejudice. Plaintiffs may file an amended complaint within thirty (30) days of the date of this Opinion. After thirty days, if Plaintiffs do not file an amended complaint, the Court will issue a final order dismissing the case.

**I.   BACKGROUND**

During the relevant period, the four Plaintiffs in this suit were all employees of Defendant Abington Memorial Hospital ("Abington").[1] ECF No. 1 at 2. On September 9, 2024, Plaintiffs, through counsel, brought this lawsuit against Defendant Abington and nine individuals alleged to be Abington employees. *See id.* at 2–5. In their complaint, Plaintiffs allege they experienced severe and pervasive racial discrimination and harassment while working at Abington. *See id.* at 5. They bring six different counts against some or all of the Defendants—(1) violations of 42

---

[1] Though Plaintiffs refer to Defendant "Abbington Jefferson Hospital," and "Abington Jefferson Hospital," *see* ECF No. 1 at 1–2, Defendants clarify that the "proper name" is "Abington Memorial Hospital." *See* ECF No. 11 at 1 n.1. Accordingly, the Court refers to this Defendant by that name.

U.S.C. § 1981, (2) discrimination under Title VII of the Civil Rights Act of 1964, (3) retaliation under Title VII, (4) discrimination in violation of the Pennsylvania Human Relations Act, (5) retaliation in violation of the Pennsylvania Human Relations Act, and (6) aiding and abetting violations of the Pennsylvania Human Relations Act.  *See* ECF No. 1 at 28–32.

Subsequently, Defendants moved to dismiss Plaintiffs' complaint.  ECF No. 11 at 1.

## II.   DISCUSSION

Defendants move to dismiss Plaintiffs' complaint on two grounds.  First, they move to dismiss the complaint in its entirety on the ground that the complaint is a "shotgun pleading" that fails to meet civil pleading requirements, *see* Fed. R. Civ P. 8(a)(2); Fed. R. Civ. P. 10(b).  *See* ECF No. 11-2 at 8–11.  Second, they move to dismiss most, but not all, counts of the complaint for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6).[2]  *See* ECF No. 11-2 at 13–31.

This Court will dismiss the complaint in its entirety without prejudice for being a shotgun pleading.  A shotgun pleading is a pleading that due to its disjointed, opaque, or unspecific nature violates one or both of the following civil pleading requirements: (1) Rule 8's requirement that a pleading must contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and (2) Rule 10's requirement that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count" when "doing so would promote clarity," *see* Fed. R. Civ. P. 10(b).  *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *see also Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017).  "The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give

---

[2] Defendants also briefly move to dismiss any allegations of gender- and disability-based discrimination on additional grounds, such as the failure to exhaust administrative remedies.  ECF No. 11-2 at 11–13.  This Court addresses the several mentions of gender and disability in the complaint below.  *See infra* at 5.

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). In doing so, shotgun pleadings confuse courts and defendants and give plaintiffs broad discretion to later reconstruct their claims. *See Barmapov*, 986 F.3d at 1324 (citation omitted). They therefore tax "scarce judicial resources" and "inexorably broaden the scope of discovery." *Id.* (citation omitted).

Plaintiffs' complaint is a shotgun pleading because it brings "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id.* at 1325 (citation omitted) (describing this scenario as one of the four types of shotgun pleadings).[3] The complaint asserts six counts by four plaintiffs against a staggering ten defendants. *See* ECF No. 1 at 28–32. Those counts refer generally to the "action[s]" of the "Defendants," *see, e.g.*, *id.* at 32, without making any attempt to explain which of the nearly 240 paragraphs of background "factual allegations pertain to which count," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997). *See* ECF No. 1 at 29 (Count I refers generally to "Defendants' unlawful employment practices"); *id.* at 32 (Count VI alleges generally that "Defendants engaged in an unlawful discriminatory practice"). Courts have repeatedly found similar complaints to have violated pleading requirements. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (per curiam) (concluding that a complaint was a shotgun pleading where it was "replete with allegations that 'the defendants' engaged in certain conduct," and the counts merely "incorporate[d] by reference" 146 paragraphs of factual allegations); *Lee v. Ohio*

---

[3] The three other types of shotgun pleadings are (1) pleadings asserting multiple counts in which every count adopts all preceding allegations, rendering the last count "a combination of the entire complaint," (2) pleadings containing numerous "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," and (3) pleadings in which causes of action are not separated into different counts. *Barmapov*, 986 F.3d at 1324–25 (citation omitted).

3

*Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (holding that a complaint that "failed to 'connect specific facts or events with the various causes of action'" violated Federal Rule of Civil Procedure 8(a)(2) (citation omitted)); *Rosenberg v. C.R. Bard, Inc.*, 387 F. Supp. 3d 572, 582 (E.D. Pa. 2019) (dismissing a negligence claim without prejudice where the plaintiff "failed to connect the facts alleged in the beginning of her complaint" with her claim and thus it was unclear "not only which facts support Plaintiff's negligence claim but also which aspect of Defendant's conduct Plaintiff asserts was negligent").[4]

The complaint has additional hallmarks of a shotgun pleading. Its six counts "adopt[] the allegations of all preceding counts," rendering "the last count to be a combination of the entire complaint." *Barmapov*, 986 F.3d at 1324–25 (citation omitted) (identifying this type of multi-count complaint as one of the four types of shotgun pleadings); *see* ECF No. 1 at 29–32. In turn, the last count of Plaintiffs' complaint incorporates *nearly 300 paragraphs* of allegations, requiring the Court and Defendants to guess "which allegations of fact are intended to support which claims for relief." *See Barone v. Wells Fargo Bank, N.A.*, 709 F. App'x 943, 951–52 (11th Cir. 2017) (per curiam) (dismissal of a complaint without prejudice was proper where each count of the complaint incorporated all allegations before it, and the allegations were "rambling, disjointed, and often redundant"). And, indeed, as to one of the Defendants, the complaint contains no specific allegations about her conduct at all. *See* ECF No. 1 at 4 (as to Defendant Amy O'Brien, alleging

---

[4] Though Plaintiffs specify that some counts apply only to the individual Defendants, "corporate Defendants," or all Defendants, *see, e.g.*, ECF No. 1 at 29–30, 32, this minimal step by itself is insufficient to cure the pleading deficiencies of the complaint. *See Bartol*, 251 F. Supp. 3d at 860. The individual defendants still lack notice of how—among the *nine* of them—they contributed to each count and with respect to which of the four Plaintiffs. And, adding to the confusion, Plaintiffs nowhere define the identity of the "corporate Defendants" (plural), though seemingly there is only one—Abington. *Id.* (finding a plaintiff's thirteen-count complaint against seven defendants was a shotgun pleading, including because the plaintiff failed "to define who he mean[t] by 'individual Defendants'").

4

only that she held a supervisory position "over Plaintiffs" and resides in Pennsylvania). Moreover, though all Plaintiffs claim to sue all Defendants, *see, e.g.*, *id.* at 1, 29, each Plaintiff appears to lack any allegations against some combination of Defendants. Just as one example, there appear to be no allegations by Plaintiff Latoya Hall against Defendants Michelle Hanson, Deb Anderson, Doug Last Name Unknown, Colleen Last Name Unknown, Christine Rue, and Graham Wilson—as far as this Court could discern. The complaint's two different prayers for relief also each refer to a single "plaintiff" and, for one prayer, a single "defendant." *Id.* at 33. And though the focus of the complaint is racial discrimination, several allegations assert that "Plaintiff" was discriminated against because of gender and disability, without identifying which of the four Plaintiffs, the disability, or when and how such gender-based and disability-based discrimination occurred. *See id.* at 30–31.

Given the nature of Plaintiffs' complaint, the Court and Defendants are left to mine the complaint for relevant factual allegations and speculate about how such allegations connect to each count, for each defendant, and for each plaintiff. This time-consuming matrix of guesswork is what the rule against shotgun pleadings is designed to avoid. *Barmapov*, 986 F.3d at 1324 (noting that shotgun pleadings burden "scarce judicial resources"); *see also* Fed. R. Civ. P. 10(b) (where "doing so would promote clarity," a plaintiff "must" state "each claim founded on a separate transaction or occurrence . . . in a separate count"). The complaint therefore will be dismissed without prejudice. Because the complaint is a shotgun pleading, the Court does not rule on the merits of Plaintiffs' allegations, and its ruling should not be construed as commenting on the complaint's substance.

Though the Court's ruling is not on the merits of Plaintiffs' complaint, should Plaintiffs file an amended complaint, the Court observes several additional pleading deficiencies, which are

5

pointed out by Defendants. First, as discussed above, there appear to be no allegations about the conduct of Defendant Amy O'Brien at all. Second, as to each Plaintiff, there are no allegations against certain other Defendants. Additionally, Plaintiff Corrinne Sawyer does not appear to have alleged evidence of an adverse employment action in the complaint. *See Anderson v. Boeing Co.*, 694 F. App'x 84, 86 (3d Cir. 2017) (discrimination and retaliation claims under Title VII and the Pennsylvania Human Relations Act require "a showing of an adverse employment action").[5] This list is not exhaustive, but instead intended only to provide guidance should Plaintiffs replead their complaint.

### III. CONCLUSION

For the reasons set forth above, this Court will **GRANT** Defendants' Motion to Dismiss. Plaintiffs' Complaint will be **DISMISSED** without prejudice. Plaintiffs may file an amended complaint within thirty (30) days of the date of this Opinion.[6] After thirty days, if Plaintiffs do not file an amended complaint, the Court will issue a final order dismissing the case. An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[5] Though a plaintiff "need not establish a *prima facie* case [of discrimination or retaliation] in order to survive a motion to dismiss," the complaint must "allege sufficient facts" to reasonably suggest that discovery will reveal proof that an adverse employment action was linked to the plaintiff's protected status or activity. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788–89 (3d Cir. 2016); *see also Jean-Pierre v. Schwers*, 682 F. App'x 145, 147 (3d Cir. 2017) (per curiam) (holding that a plaintiff failed to state a Title VII employment discrimination claim, including where he did not "describe an adverse employment action" in his complaint).

[6] When a complaint is a shotgun pleading, courts ordinarily give plaintiffs one opportunity to replead the complaint to remedy its deficiencies. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).