**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CORY JEFFERSON, et al.,** | : | **CIVIL ACTION** |
| *Plaintiffs*, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ABBINGTON MEMORIAL** | : | **No. 24-cv-4762** |
| **HOSPITAL, et al.,** | : | |
| *Defendants*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                   **March 24, 2026**

Plaintiffs Cory Jefferson, Latoya Hall, Tyrone Hill, and Corrinne Sawyer bring this suit against Defendant Abington Memorial Hospital ("Abington") and three individuals employed by Abington, asserting claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act. ECF No. 33 (Second Amended Complaint, hereinafter "SAC") ¶¶ 33–48. Before the Court is Defendants' Partial Motion to Dismiss Plaintiffs' Second Amended Complaint, ECF No. 34 (the "Motion"), Plaintiffs' Response in Opposition, ECF No. 39, and Defendants' Reply, ECF No. 40. Defendants move to dismiss Plaintiffs' retaliation claims against Defendant Abington in Counts II, III, and IV; Plaintiffs' race discrimination and retaliation claims against Defendants Karen Homer, Michelle Hanson, and Deb Anderson in Counts III and IV; and Plaintiffs' aiding and abetting claim against Defendant Abington in Count IV. ECF No. 34 at 1. For the reasons set forth below, the Court will grant in full Defendants' Motion.

### I.       BACKGROUND

The below facts are taken from the Second Amended Complaint and are accepted as true at the motion-to-dismiss stage. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

During the relevant period, the four Plaintiffs in this suit were all employees in the Perioperative Department at Defendant Abington. SAC ¶¶ 1–4, 16. Defendants Karen Homer, Michelle Hanson, and Deb Anderson (collectively, the "Individual Defendants") are employees at Abington who had supervisory authority over the Plaintiffs during the relevant period. *Id.* ¶¶ 6–8, 19–21. All four Plaintiffs are black. *Id.* ¶¶ 1–4, 16. The SAC alleges that throughout their employment, Plaintiffs endured "a racially divided workplace," which included offensive language from Defendant Homer, a separate inferior breakroom for black employees, and retaliation by supervisors for reporting discrimination to Human Resources. *Id.* ¶¶ 17–18, 22–30. Plaintiffs allege to have suffered "loss of income, emotional distress, humiliation, and loss of enjoyment of life" resulting from Defendants' actions. *Id.* ¶ 31.

Plaintiffs bring four counts against some or all of the Defendants in their SAC for (1) race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), against Defendant Abington (Count I), *id.* ¶¶ 33–36; (2) retaliation under Title VII against Defendant Abington (Count II), *id.* ¶¶ 37–40; race discrimination and retaliation in violation of 42 U.S.C. § 1981 against the Individual Defendants (Count III), *id.* ¶¶ 41–44; and (4) race discrimination and retaliation against all Defendants and aiding and abetting discrimination and retaliation against the Individual Defendants in violation of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 951, et seq. ("PHRA") (Count IV), *id.* ¶¶ 45–48.

On September 9, 2024, Plaintiffs, through counsel, brought an action against Defendant Abington and nine individuals alleged to be Abington employees. ECF No. 1. Following briefing on Defendants' motion to dismiss Plaintiffs' initial complaint, ECF Nos. 11, 13, 14, this Court dismissed the initial complaint (ECF No. 1) in its entirety without prejudice for being a shotgun pleading, ECF Nos. 15, 16. Plaintiffs filed an amended complaint on May 28, 2025. ECF No. 17.

2

Defendants moved to dismiss the amended complaint on July 10, 2025, ECF No. 19, but shortly after, Plaintiffs' then-counsel was disbarred, *see* ECF No. 20, prompting this Court to stay the case for sixty days to allow Plaintiffs to secure new counsel, ECF No. 24. Plaintiffs' present counsel entered appearances on October 3, 2025, ECF Nos. 27–29, and filed the SAC on November 3, 2025, ECF No. 33.

Defendants filed a partial motion to dismiss the SAC on November 17, 2025. ECF No. 34. Defendants seek to dismiss with prejudice Plaintiffs' retaliation claims against Defendant Abington in Counts II, III, and IV; Plaintiffs' race discrimination and retaliation claims against the Individual Defendants in Counts III and IV; and Plaintiffs' aiding and abetting claim against Defendant Abington in Count IV. *Id.* at 1. Defendants do not seek dismissal of any claims in Count I, any claims for race discrimination against Defendant Abington in Count IV, or any claims for aiding and abetting discrimination and retaliation against the Individual Defendants in Count IV. *See id.* Plaintiffs opposed the instant Motion on December 15, 2025, ECF No. 39, and Defendants filed a Reply on December 29, 2025, ECF No. 40. Accordingly, the Motion is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests "the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (citation omitted). A complaint is plausible on its face when the plaintiff pleads a factual contention that "allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, courts must "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler*, 578 F.3d at 210 (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678.

A complaint need not establish a prima facie case of discrimination to survive a motion to dismiss. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). Instead, plaintiffs need only "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]," *Fowler*, 578 F.3d at 213 (internal quotations and citation omitted), and "must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests," *Bayer v. Pocono Med. Ctr.*, No. 13-cv-1900, 2014 WL 3670499, at *4 (M.D. Pa. July 23, 2014) (citing *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

## III.    DISCUSSION

Defendants move to dismiss Plaintiffs' retaliation claims in Counts II, III, and IV; race discrimination claims in Counts III and IV; and an aiding and abetting claim against Defendant Abington in Count IV. ECF No. 34 at 1. In their opposition brief, Plaintiffs clarified that their aiding and abetting claim in Count IV is not directed at Abington, ECF No. 39 at 13, so the Court will not address Defendants' arguments regarding the aiding and abetting claim. The Court will discuss Plaintiffs' retaliation and race discrimination claims in turn.

### A.    Plaintiffs Fail to State Claims for Retaliation Against All Defendants

Plaintiffs allege violations of Title VII (Count II), 42 U.S.C. § 1981 (Count III), and the

PHRA (Count IV) for retaliation against both Defendant Abington and the Individual Defendants. SAC ¶¶ 37–48. Title VII prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter," such as race discrimination. 42 U.S.C. § 2000e-3(a). 42 U.S.C. § 1981 covers retaliation against employees by individuals. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008) (concluding that § 1981 encompasses retaliation claims). Likewise, the PHRA also prohibits retaliation. 43 Pa. Cons. Stat. Ann. § 955(d). Retaliation claims under § 1981 and the PHRA are analyzed under the same standard as Title VII claims. *Pedro v. City Fitness, LLC*, 803 F. App'x 647, 651 n.5 (3d Cir. 2020); *Harley v. McCoach*, 928 F. Supp. 533, 538 (E.D. Pa. 1996) ("[Plaintiff's] Title VII, PHRA, and § 1981 claims all fall under the same analytical framework, and will therefore be examined together."). Hence, the Court will evaluate Plaintiffs' retaliation claims in Counts II, III, and IV together.

The proper inquiry at the motion-to-dismiss stage is whether "the plaintiff's pleading has alleged enough facts to raise a reasonable expectation that discovery will reveal evidence of each element" of the cause of action. *Pedro*, 803 F. App'x at 651 (internal quotations and citation omitted). To state a claim for retaliation under Title VII, a plaintiff must plead the following elements: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006) (quoting *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995)). Defendants take issue with Plaintiffs' allegations relating to all three elements—that is, Defendants argue that Plaintiffs failed to adequately allege protected activity, an adverse employment action, and a causal connection. ECF No. 34-1 at 8–18.

While the SAC contains allegations of general complaints or reports of discrimination by

5

each of the Plaintiffs, the Court finds that it fails to allege a causal connection between the complaints and any alleged adverse employment action. "[T]o demonstrate a causal connection, a plaintiff generally must show either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism, coupled with timing, to establish a causal link." *Fields v. Am. Airlines, Inc.*, 696 F. Supp. 3d 66, 101 (E.D. Pa. 2023) (quoting *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014)). Here, the SAC offers no allegations suggesting an unusual temporal proximity between the complaints of discrimination by each Plaintiff and a subsequent adverse employment action. *See* SAC ¶¶ 26–30. Indeed, the SAC provides no indication as to the timing of each Plaintiff's complaint to a supervisory authority nor any indication of the timing of each alleged adverse action, merely making conclusory allegations that the adverse actions "directly followed" the protected activity alleged. *Id.* ¶ 30; *see also id.* ¶ 26 ("Plaintiffs Jefferson and Sawyer reported discrimination to Human Resources and supervisory staff."), ¶ 27 ("Shortly after Jefferson's complaint, he was accused of 'insubordination' and terminated."), ¶ 28 ("Plaintiff Hall complained of the same conduct and ultimately resigned after conditions became intolerable."), ¶ 29 ("Plaintiff Hill reported similar treatment and experienced escalating hostility and exclusion following his report."). These bare-bones allegations from Plaintiffs' SAC attempt to demonstrate "a pattern of antagonism," *Fields*, 696 F. Supp. 3d at 101 (citation omitted), but because there are no allegations describing the timing of each alleged adverse action in relation to the timing of each alleged complaint, Plaintiffs fail to allege a causal link between the two. *See Blakney v. City of Philadelphia*, 559 F. App'x 183, 186 (3d Cir. 2014) ("[T]he mere fact that adverse employer action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link between the two events" (citation omitted) (alteration in original)); *cf.*

6

*Pedro*, 803 F. App'x at 652 (finding plaintiff stated claim for retaliation when alleging that she was fired "only hours after" informing her employer that she reported discrimination to the Equal Employment Opportunity Commission).

Therefore, the Court finds that Plaintiffs have failed to allege facts that would lead to an inference of retaliation due to their participation in protected activity. Accordingly, the Court will dismiss all claims for retaliation in Counts II, III, and IV.

> **B.     Plaintiffs Fail to State Claims for Race Discrimination Against the Individual Defendants**

Plaintiffs allege race discrimination against the Individual Defendants in violation of 42 U.S.C. § 1981 (Count III) and the PHRA (Count IV). SAC ¶¶ 41–48. To the extent Plaintiffs are attempting to bring a claim for race discrimination against the Individual Defendants under the PHRA—as opposed to solely a claim for aiding and abetting race discrimination and retaliation[1]— such a claim is barred because individuals may not be held personally liable for discrimination under the PHRA. *Dici v. Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996) (holding that the PHRA, 43 Pa. Cons. Stat. Ann. § 955(a), does not provide for individual liability); *Kohn*, 1998 WL 67540, at *8 ("§ 955(a) of the PHRA establishes liability solely for employers."). As such, any race discrimination claim brought against the Individual Defendants in Count IV fails as a matter of law.

42 U.S.C. § 1981 prohibits intentional discrimination on the basis of race in the making and enforcement of contracts. 42 U.S.C. § 1981(a). The making and enforcement of contracts

---

[1] The PHRA provides for "accomplice liability for individual employees who aid and abet a § 955(a) violation by their employer." *Kohn v. Lemmon Co.*, No. 97-cv-3675, 1998 WL 67540, at *8 (E.D. Pa. Feb. 19, 1998); 43 Pa. Cons. Stat. Ann. § 955(e). Plaintiffs clarified in their opposition brief that the aiding and abetting claim in Count IV is directed against the Individual Defendants. ECF No. 39 at 13. Defendants do not move to dismiss this claim. *See* ECF No. 34 at 1.

include the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "To establish a discrimination claim under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more of the activities enumerated in § 1981." *Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017) (internal quotation and citation omitted). Under § 1981, individuals can be held personally liable for intentional discrimination. *Miller v. Thomas Jefferson Univ. Hosp.*, 908 F. Supp. 2d 639, 648 (E.D. Pa. 2012); *see Al–Khazraji v. Saint Francis Coll.*, 784 F.2d 505, 518 (3d Cir. 1986). To impose personal liability on an individual actor for race discrimination, a § 1981 claim "must be predicated on the actor's personal involvement and there must therefore be some affirmative link to causally connect the actor with the discriminatory action." *Johnson v. Res. for Hum. Dev., Inc.*, 843 F. Supp. 974, 978 (E.D. Pa. 1994).

For employment discrimination claims, "the substantive elements of a claim under section 1981 are generally identical to the elements of an employment discrimination claim under Title VII." *Brown v. J. Kaz, Inc.*, 581 F.3d 175, 181–82 (3d Cir. 2009). Whether purporting to allege a claim for race discrimination through direct evidence or indirect evidence, a plaintiff must plead, among other things, that he suffered an adverse employment action resulting from racial animus. *See Robinson v. Consol Pa. Coal Co. LLC*, 425 F. Supp. 3d 433, 444 (W.D. Pa. 2019) (finding as a matter of law that plaintiff's claims for intentional discrimination under § 1981 fail because he "cannot show that he suffered an adverse employment action"); *Butler v. Arctic Glacier USA*, 213 F. Supp. 3d 711, 716 (E.D. Pa. 2016) (explaining that race discrimination claims based on indirect evidence must allege an adverse employment action, the circumstances of which imply discrimination); *Embrico v. U.S. Steel Corp.*, 404 F. Supp. 2d 802, 831 (E.D. Pa. 2005) ("Title VII

provides a cause of action for employees who have suffered some type of discriminatory adverse employment action."). An adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004) (internal quotations and citation omitted). When bringing an employment discrimination claim against an individual defendant, a plaintiff "must also plead the defendant's personal involvement in the alleged discriminatory conduct at issue." *Douglas v. Nesbit*, No. 16-cv-01836, 2017 WL 1021680, at *6 (M.D. Pa. Mar. 16, 2017); *see also Lei Ke v. Drexel Univ.*, No. 11-cv-6708, 2013 WL 1092661, at *14 (E.D. Pa. Mar. 14, 2013) ("To establish a case against an individual under § 1981," "[a] plaintiff must demonstrate that [the] individual defendant played a part in the adverse action against the plaintiff.").

Here, the SAC attempts to allege adverse employment actions for three of the four Plaintiffs: termination of Plaintiff Cory Jefferson's employment, Plaintiff Latoya Hall's resignation "after conditions became intolerable," and the "escalating hostility and exclusion" faced by Plaintiff Tyrone Hill. SAC ¶¶ 27–29. Even assuming that each of these occurrences qualifies as an adverse employment action,[2] the SAC fails to sufficiently allege that each of the Individual Defendants was personally involved in the adverse action suffered by each Plaintiff. For example, Plaintiffs do not allege that any of the Individual Defendants was responsible for or took part in the decision to terminate Jefferson, personally contributed to the conditions that led to Hall's resignation, or participated in the escalating hostility and exclusion allegedly experienced

---

[2] For the sake of argument, the Court assumes that each Plaintiff suffered a qualifying adverse employment action without taking a position as to whether the allegations contained in the SAC are sufficient to state cognizable adverse employment actions for a race discrimination claim under 42 U.S.C. § 1981.

by Hill. *See generally* SAC. Because Plaintiffs have failed to plead personal involvement by each of the Individual Defendants, the allegations in the SAC do not raise a reasonable expectation that discovery will reveal evidence of the Individual Defendants' intentional discrimination against Plaintiffs.

Further, with respect to Defendants Michelle Hanson and Deb Anderson, the SAC is devoid of allegations suggestive of their intent to discriminate against Plaintiffs on the basis of race, which is required to state a race discrimination claim under § 1981. *See Castleberry*, 863 F.3d at 266. The only allegations specific to Hanson and Anderson pertain to their alleged general awareness of discriminatory actions allegedly perpetuated by other actors. *See* SAC ¶ 21 ("Hanson and Anderson, both supervisors, ignored complaints and reinforced Homer's behavior instead of intervening."), ¶ 25 ("Supervisors, including Defendants Homer and Anderson, were aware of these practices [regarding separate breakrooms] and allowed them to continue for years."). These conclusory allegations fail to show that Hanson and Anderson intended to discriminate against Plaintiffs on account of their race.

Because the SAC fails to allege personal involvement by each of the Individual Defendants in any purported adverse employment action suffered by each Plaintiff, the SAC fails to state a colorable claim for race discrimination against the Individual Defendants in Count III. Accordingly, the Court will dismiss all claims for race discrimination against the Individual Defendants in Counts III and IV.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant in full Defendants' Partial Motion to Dismiss (ECF No. 34). Counts II and III of the Second Amended Complaint (ECF No. 33) are dismissed in their entirety, and all claims for retaliation and claims for race discrimination against

10

the Individual Defendants in Count IV are dismissed. However, the Court declines to dismiss the claims with prejudice, as Defendants request in their Motion. ECF No. 34-1 at 13, 18. Defendants argue that Plaintiffs have already had two opportunities to resolve the deficiencies in their pleadings. ECF No. 40 at 7. Although the SAC is Plaintiffs' third complaint filed in this action, it is the first pleading filed by Plaintiffs' present counsel. Therefore, the Court will dismiss the identified claims without prejudice.

An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**